UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAVIER DE JESUS AGUILAR, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-898 DRL-SJF |
| BRIAN ENGLISH, SAM OLSON, TODD LYONS, KRISTI NOEM, PAMELA BONDI, and JOSEPH B. EDLOW, | |
| Respondents. | |

ORDER TO SHOW CAUSE

Javier De Jesus Aguilar, an immigration detainee through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241(a) alleging he is unlawfully confined in violation of the United States Constitution. He alleges he is a citizen of Mexico, who entered the United States without inspection in approximately 2006 and has resided in the United States since then. He lives in Indiana with his wife and their ten-year-old son, both of whom are United States citizens. Mr. De Jesus Aguilar was taken into United States Immigration and Customs Enforcement (ICE) custody on October 2, 2025, after serving a state court sentence for a 2024 misdemeanor conviction for domestic battery. He is now detained at Miami Correctional Facility under the custody of the Department of Homeland Security and has an immigration hearing scheduled for November 10, 2025.

Mr. De Jesus Aguilar argues his detention is unlawful because no warrant was issued for his arrest. Instead, he says he was detained pursuant to 8 U.S.C. § 1225(b)(2) as

an "arriving alien," which renders him ineligible for bond, though he does not meet the conditions to be classified as an arriving alien.

The court has subject matter jurisdiction under § 2241 to review the legality of Mr. De Jesus Aguilar's detention, but not to review orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. De Jesus Aguilar raises issues that go beyond the scope of habeas corpus, such as a claim raised under the Administrative Procedures Act. The court declines to consider such extraneous issues. *See, e.g., Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 114-15, 118 (2020) (Asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody. . . . Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ."); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("E.F.L.'s habeas petition does not 'contest[ ] the lawfulness of restraint' or seek to 'secur[e] release' from custody; it instead vies for her right to 'remain in [the United States] or to obtain administrative review potentially leading to that result.'") (quoting *Thuraissigiam*, 591 U.S. at 117). Instead, the court limits review solely to the issue whether statutory authority exists for Mr. De Jesus Aguilar's detention or whether his detention is unlawful.

Mr. De Jesus Aguilar asks the court to order a response, including any documentation that justifies detention, within three days of the court's order, citing 28 U.S.C. § 2243. He represents that the issues presented here are not novel and can be

presented to the court quickly. The court will grant his request for a short response deadline.

Finally, in the § 2241 petition, Mr. De Jesus Aguilar asks the court for an immediate limited order, prohibiting the transfer outside this judicial district, his removal from the United States, or any change in his immediate custodian without prior leave of court while this action is pending. If Mr. De Jesus Aguilar believes an unlawful removal is imminent, he may file a separate a motion for a temporary restraining order (or other appropriate motion) with a detailed legal basis for its requested relief. A transfer to another judicial district will not deprive this court of jurisdiction over the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021).

For these reasons, the court:

(1) GRANTS the motion for order to show cause (ECF 3);

(2) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago ICE Field Office at the Office of General Counsel; and (d) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(3) DIRECTS the clerk to email or otherwise deliver a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana; and

(4) ORDERS the respondents to file a response to the petition, with supporting documentation, by **November 10, 2025**, with the reply due **November 13, 2025**.

SO ORDERED.

November 4, 2025                              *s/ Damon R. Leichty*
                                              Judge, United States District Court